UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESIDENTIAL FUNDING CORPORATION, et al.,<br><br>　　　　　Appellants,<br><br>　　v.<br><br>HAL EDWIN BUETTNER, III, et al.,<br><br>　　　　　Appellees. | District Case No. 2:23-cv-02543-DJC [master]<br><br>Bankr. Case No. 16-26531-C-13G<br><br>Bankr. Adversary Case No. 22-02015-C |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, et al.,<br><br>　　　　　Appellants,<br><br>　　v.<br><br>KEVIN RANDALL KRONE,<br><br>　　　　　Appellee. | District Case No. 2:23-cv-02544-DAD [closed]<br><br>Bankr. Case No. 15-21528-A-13C<br><br>Bankr. Adversary Case No. 22-02038-C<br><br>ORDER |

This appeal arises from consolidated bankruptcy adversary proceedings in which the Bankruptcy Court granted summary judgment in favor of Appellees on their claims that Appellants failed to properly reconvey void deeds of trust following Appellees' completion of their Chapter 13 bankruptcy plans and awarded Appellees attorneys' fees under California Civil Code section 1717. Appellants claim that the

Bankruptcy Court erred in awarding Appellees attorneys' fees under section 1717 because they were not the prevailing parties in the adversary proceedings for the purposes of section 1717, and because California courts have held that section 1717 is inapplicable to the fee provisions in the deeds of trust at issue here.

Having considered the Parties briefings, the Court agrees that California precedent precludes an award of attorneys' fees based on Civil Code section 1717 in this case. Accordingly, the Court will reverse the Bankruptcy Court's grant of summary judgment insofar as the Bankruptcy Court awarded attorneys' fees under that code section, and will remand this matter for further proceedings consistent with this order.

## BACKGROUND

### I. The Bankruptcy Adversary Proceeding

Appellees Hal Edwin Buettner, III and Michele Kay Elkins (the "Buettners") and Appellee Kevin Randall Krone ("Krone") (collectively, "Appellees") each allege that they applied for, and received, second mortgages on their homes in 2006. (Buettner Appellants' Opening Br. (ECF No. 11) at 1; Krone Appellants' Opening Br. (ECF No. 17) at 1.) Appellees allege their secondary mortgages were evidenced by a note and deed of trust. (Buettner Appellants' Opening Br. at 1; Krone Appellants' Opening Br. at 1.) The Buettners and Krone subsequently filed for Chapter 13 bankruptcy in the U.S. District Court for the Eastern District of California in 2016 and 2015 respectively, thereafter completing payments under their bankruptcy plans and receiving a bankruptcy discharge on January 24, 2022, and February 8, 2021, respectively. (Buettner Appellants' Opening Br. at 2; Krone Appellants' Opening Br. at 1.)

The Buettners' and Krone's bankruptcy plans each provided that the deeds of trust securing their second mortgages would be deemed void, i.e., "stripped," at the completion of their plans and thereafter reconveyed to Appellees under the terms of the deeds.[1] (Am. Resp'ts' Br. (ECF No. 20) at 1; Buettner Appellants' Opening Br. at 2;

---

[1] Wholly unsecured junior mortgages may be "stripped off" and rendered "void" in Chapter 13 cases by virtue of 11 U.S.C. §§ 506(d) and 1322(b)(2) once plan payments are complete.

Krone Appellants' Opening Br. at 1.)  Accordingly, counsel for the Buettners and Krone contacted their creditors at the completion of their plans to inform them of their duty to reconvey the void deeds.  (Am. Resp'ts' Br. at 1–2; Bankr. Ct. Op. (ECF No. 17-1) at ER_0435–36.[2])

After receiving no response, on March 4, 2022, the Buettners filed an adversary complaint against Appellants Residential Funding Corporation, Ocwen Loan Servicing, LLC, and PHH Mortgage Corporation (collectively, the "Buettner Appellants") alleging their deed of trust was "stripped" upon completion of their Chapter 13 plan, but that the Buettner Appellants failed to release the associated lien. (Buettner Appellants' Opening Br. at 2.)  In particular, the Buettners brought five causes of actions for (1) declaratory relief concerning the validity and value of the deed of trust; (2) extinguishment of the deed of trust; (3) violation of California Civil Code section 2941(d); (4) breach of contract; and (5) attorneys' fees.  (*Id.; see also* Buettner Adversary Compl. (ECF No. 11-1) at ER0013–22.)  Krone likewise received no response from his creditors and filed an adversary complaint against Appellants Deutsche Bank National Trust Company, Ocwen Loan Servicing, LLC, and PHH Mortgage Corporation (collectively, the "Krone Appellants") on June 22, 2022, alleging the same causes of action as the Buettners. (Krone Appellants' Opening Br. at 2; *see also* Krone Adversary Compl. (ECF No. 17-1) at ER_0009–19.)

In response to these adversary complaints, PHH Mortgage Corporation recorded a full reconveyance of the Buettners' deed of trust on March 23, 2022. (Buettner Appellants' Opening Br. at 2; *see also* Buettner Reconveyance (ECF No. 11-1) at ER0211.)  PHH Mortgage Corporation also recorded a full reconveyance of Krone's deed of trust on August 2, 2022.  (Krone Appellants' Opening Br. at 2; *see also* Krone Reconveyance (ECF No. 17-1) at ER_0068–69.)  The Parties subsequently discussed settling the adversary proceedings, as Appellants contended these

---

[2] Citations to Appellants' Records refer to the page number in the Excerpts of Record, not original page numbers.

3

reconveyances mooted Appellees' claims, but no agreement was reached. (Buettner Appellants' Opening Br. at 2; Krone Appellants' Opening Br. at 2.) The Buettners' and Krone's adversary proceedings were consolidated on February 11, 2023, because of their cases' similarities. (Buettner Appellants' Opening Br. at 2; Krone Appellants' Opening Br. at 2.)

**II.      The Bankruptcy Court's Order**

On December 2, 2022, the Buettner Appellants moved for summary judgment, arguing the reconveyance mooted the Buettners' claims, the Buettners were not entitled to attorneys' fees, and the Buettners failed to establish any damages. (Buettner Appellants' Opening Br. at 2.) The Krone Appellants moved for summary judgment on May 17, 2023, on the same basis. (Krone Appellants' Opening Br. at 2.)

On October 11, 2023, as amended October 17, 2023, the Bankruptcy Court issued an opinion granting summary judgment in favor of the Buettners and Krone and awarding them attorneys' fees. (Bankr. Ct. Op. at ER_0431–56.) Notably, the Bankruptcy Court held that Appellees were the "prevailing parties" on their federal causes of action for declaratory relief and extinguishment of their liens, and that Appellees' actions qualified as "on the contract" for purposes of their demand for attorneys' fees under California Civil Code section 1717, entitling Appellees to invoke the attorneys' fee provisions in their underlying notes and deeds of trust. (*Id*. at ER_0433.)

Specifically, concerning Appellees' claim for declaratory relief, the Bankruptcy Court found that Appellees' deeds of trust were void because:

> The values of the subject junior liens, effective on completion of plan payments, were conclusively fixed as $0.00 in the plan confirmation orders. The values matured to $0.00 and became final upon completion of plan payments and the filings of the Chapter 13 Trustee's Notice of Completed Plan Payments. It follows that there is nothing left to declare regarding value in a declaratory judgment. The only remaining step is to clear the cloud on title by removing the lien.

4

(*Id.* at ER_0447.)

Concerning Appellees' claim for extinguishment of the deeds of trust, the Bankruptcy Court observed that Appellees' "lender[s], by virtue of the contractual terms of the deeds of trust, ha[d] a contractual duty to request that the trustee reconvey upon payment of all sums secured by the deeds of trust." (*Id.* at ER_0448 & n.9 (citing Buettner Deed of Trust (ECF No. 11-1) at ER0175 (Section 20); Krone Deed of Trust (ECF No. 17-1) at ER_0043 (Section 22)).) As the Bankruptcy Court explained:

> Completion of chapter 13 plan payments on a plan in which the subject debt has been valued by the court at $0.00 satisfies the performance contingency inherent in the plan. At that point, the debt, beyond cavil, is $0.00. It follows that all sums secured by the affected deeds of trust have been paid . . . [and] [t]he lender thereupon has a federal duty to request that the trustee reconvey the deed of trust on the void debt. If voluntary reconveyance does not timely occur following completion of chapter 13 plan payments, then the debtor is entitled to invoke the federal lien removal power in an adversary proceeding seeking involuntary reconveyance.

(*Id.* at ER_0448.) The Bankruptcy Court also noted that California imposes a statutory duty to reconvey under California Civil Code section 2941. (*Id.*)

The Bankruptcy Court next considered whether Appellees could collect attorneys' fees for their efforts to force reconveyance. The Bankruptcy Court found that Appellees could under Civil Code section 1717(a), which provides:

> In any action on a contact, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Applying this section, the Bankruptcy Court found that Appellees' adversary proceedings to enforce the judicial determinations that their deeds of trust were void and force reconveyance of the deeds qualified as "action[s] on a contract," and that

5

the Appellants reconveyance of the deeds of trust in response to Appellees filing their adversary proceedings made Appellees the "prevailing parties" for the purposes of section 1717. (*Id.* at ER_0452.) The Bankruptcy Court further found that the Buettners' deed of trust provided for attorneys' fees in Sections 7, 17, and 18, while Krone's deed of trust provided for attorneys' fees in Sections 8, 18, and 21. (*Id.* at ER_0451 n.12; *see also* Buettner Deed of Trust at ER0173-74; Krone Deed of Trust at ER_0039, ER_0041–43.) The Bankruptcy Court also noted that Buettners' and Krone's notes likewise contained attorneys' fee provisions in Sections 10 and 6 respectively. (Bankr. Ct. Op. at ER_0451 n.13; *see also* Buettner Note (ECF No. 11-1) at ER0165; Krone Note (ECF No. 17-1) at ER_0028.) Accordingly, the Bankruptcy Court concluded that Appellees were "entitled to attorneys' fees and costs pursuant to the fee provisions in the respective deeds of trust" under Civil Code section 1717. (Bankr. Ct. Op. at ER_0456.)

### III. The Pending Appeal

Appellants appealed the Bankruptcy Court's summary judgment order on November 2, 2023. (Notice Appeal (ECF No. 1).) In short, Appellants argue that the Bankruptcy Court erred in holding Appellees were entitled to attorneys' fees under Civil Code section 1717 because California courts have declined to apply section 1717 to attorneys' fee provisions in similar deeds of trust. (Buettner Appellants' Opening Br. at 4–12; Krone Appellants' Opening Br. at 4–11.) Appellants also argue that the Bankruptcy Court erred in holding Appellees were the prevailing parties for the purposes of section 1717 because Appellants voluntarily released Appellees deeds of trust at the outset of the adversary proceedings such that Appellees received none of the relief sought on their actual contract claims (i.e., extinguishment and damages) in the Bankruptcy Court's final judgment. (Buettner Appellants' Opening Br. at 12–15; Krone Appellants' Opening Br. at 11–13.) The appeals were submitted without oral argument pursuant to the Parties' request on March 12, 2024. (ECF No. 23.)

////

## ISSUES ON APPEAL

1. Whether the Bankruptcy Court erred in holding California Civil Code section 1717 applies to Appellees' notes and deeds of trust; and

2. Whether the Bankruptcy Court erred in holding the release of Appellees' deeds of trust rendered Appellees the prevailing parties for purposes of California Civil Code section 1717.

## LEGAL STANDARD

A bankruptcy court's decision granting summary judgment is subject to de novo review.  *See AFI Holding, Inc. v. Mackenzie (In re AFI Holding, Inc.)*, 525 F.3d 700, 702 (9th Cir. 2008).  Under de novo review, district courts must "consider a matter anew, as if no decision had been made previously."  *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).  The district court "may affirm, modify, or reverse a bankruptcy's judge's judgment, order, or decree or remand with instructions for further proceedings."  *Kelly v. J.A.W. Land & Trading, LLC (In re Kelly)*, 499 B.R. 844, 852–53 (S.D. Cal. 2013) (quoting former Fed. R. Bankr. P. 8013).

## ANALYSIS

### I. Whether Civil Code section 1717 Applies to the Attorneys' Fee Provisions in Appellees' Notes and Deeds of Trust

Appellants argue that the Bankruptcy Court erred in awarding Appellees attorneys' fees under Civil Code section 1717 because California precedent forecloses the application of section 1717 to Appellees' respective notes and deeds of trust.  The Court agrees.

"Under the American Rule, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser[;] [t]his default rule can, of course, be overcome by statute."  *Travelers Cas. and Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448 (2007) (citations and quotations omitted).  Under California law, unless an award of attorneys' fees is expressly permitted by statute, "the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express

or implied, of the parties." Cal. Code Civ. Proc. § 1021. State law governs the interpretation and application of a provision in a contract that permits an award of attorneys' fees. *Resolution Tr. Corp. v. Midwest Fed. Sav. Bank of Minot*, 36 F.3d 785, 800 (9th Cir. 1993).

In relevant part, California's Civil Code provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Civ. Code § 1717(a). "The primary purpose of section 1717 is to ensure mutuality of remedy for attorney fee claims under contractual attorney fee provisions." *Santisas v. Goodin*, 17 Cal. 4th 599, 610 (1998). Otherwise stated, "[w]hen parties contractually allocate attorneys' fees, California Civil Code [section] 1717 ensures that such attorneys' fees provisions apply reciprocally such that if a party to an action would be entitled to fees under the contract's attorneys' fees provision if successful, the adverse party must also be eligible for fees if it prevails." *Pac. Fuel Co., LLC v. Shell Oil Co.*, 416 F. App'x 607, 609 (9th Cir. 2011).

Three (sometimes four) conditions must be met before fees may be awarded pursuant to section 1717(a). "First, the action in which the fees are incurred must be an action 'on a contract,' a phrase that is liberally construed." *Penrod v. AmeriCredit Fin. Servs. (In re Penrod)*, 802 F.3d 1084, 1087 (9th Cir. 2015). "Under California law, an action is 'on a contract' when a party seeks to enforce, or avoid enforcement of, the provisions of the contract." *Id.* at 1088. "Second, the contract must contain a provision stating that attorney's fees incurred to enforce the contract shall be awarded either to one of the parties or to the prevailing party." *Id.* at 1087. Third, the party seeking fees must be the prevailing party. *Id.* at 1087–88. And fourth, where the

8

prevailing party is not the party specified in the contract, the party that is specified in the contract would have been entitled to recover their fees had they prevailed.  Civ. Code § 1717(a).

Here, Appellants contend that the second condition is not met because "[t]he California Court of Appeals has recognized Section 1717 does not apply to a standard form deed of trust that merely allows a lender to incur reasonable attorneys' fees to protect its interest in the property or rights under the security instrument."  (Buettner Appellants' Opening Br. at 5; Krone Appellants' Opening Br. at 5.)  In particular, Appellants rely on *Hart v. Clear Recon Corp.*, 27 Cal. App. 5th 322 (2018) and *Chacker v. JPMorgan Chase Bank, N.A.*, 27 Cal. App. 5th 351 (2018), *as modified on denial of reh'g* (Oct. 17, 2018).  In *Chacker* and *Hart*, the courts considered whether a clause in a deed of trust providing that any amount, including attorneys' fees, disbursed by the lender to protect their rights in the secured property or the deed "shall become additional debt of Borrower secured by this Security Instrument" qualified as an attorneys' fee provision under section 1717(a).  *Hart*, 27 Cal. App. 5th at 325-29; *Chacker*, 27 Cal. App. 5th at 354-59.  The courts concluded that they did not.  As reasoned in *Hart*,

> [S]ection 1717 applies only where a "contract specifically provides that attorney's fees . . . shall be awarded" to one party or the prevailing party.  We must consider whether paragraph 9 of the deed of trust specifically so provides.  By its plain language, it does not.  The paragraph allows the lender to take numerous actions, including incurring attorney's fees, to protect its interest.  It then provides, in the language we emphasized above, that ["][a]ny amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument."  *This is not a provision that attorney's fees "shall be awarded"*; it is, instead, a provision that attorney's fees, like any other expenses the lender may incur to protect its interest, will be added to the secured debt.

////

////

27 Cal. App. 5th at 327 (emphasis added).  Thus, the court held that the deed of trust did not permit the "recover[y] of attorneys' fees as an award pursuant to the instant litigation." *Id.*

The *Chacker* court reached a similar outcome, holding "[t]he Deed of Trust Authorizes the Addition of Attorney Fees to the Loan Amount, Not a Separate Award To Pay Fees."  27 Cal. App. 5th at 356.  *Chacker* also recognized that "multiple federal district courts have held trust deed provisions similar or identical to those here do not authorize a separate fee award and instead only allow the fees to be added to the outstanding balance due under the promissory note."  *Id.* at 358 (citing *Dufour v. Allen*, No. 14-cv-05616-CAS(SSx), 2017 WL 1433303, at *5–8 (C.D. Cal. Apr. 20, 2017); *Barba v. Flagstar Bank FSB*, No. CV108023VBFVBKX, 2011 WL 13217562, at *1–2 (C.D. Cal. Sept. 19, 2011); *Valencia v. Carrington Mortg. Servs., LLC*, No. CIV. 10-00558 LEK, 2013 WL 3223628, at *9–11 (D. Haw. June 25, 2013)).

Here, Appellees argue that their deeds of trust have unilateral attorneys' fee provisions which the Bankruptcy Court properly relied on when granting them attorneys' fees under Civil Code section 1717.  (Am. Resp'ts' Br. at 11–13.)  In particular, the Bankruptcy Court cited Sections 7, 17, and 18 in the Buettners' deed of trust, along with Sections 8, 18, and 21 in Krone's deed of trust, as a basis for the attorneys' fee award.  (Bankr. Ct. Op. at ER_0451 n.12.)

Having reviewed those sections, the Court finds that the most applicable provisions appear in Section 7 of the Buettners' deed of trust, and Section 8 of Krone's deed of trust, which permit lenders to recover attorneys' fees from borrowers in the event that the borrowers fail to perform any covenants contained in the deeds. Assuming Civil Code section 1717 applied to make those fee provisions reciprocal, Appellees (the borrowers) would likewise be able to recover attorneys' fees from Appellants (the lenders) for their breach of the covenants contained in the deeds of trust, notably the covenants to reconvey contained in Section 20 of the Buettners'

10

deed of trust and Section 22 of Krone's deed of trust.  (*See* Buettner Deed of Trust at ER0175; Krone Deed of Trust at ER_0043.)

However, these attorneys' fee provisions bear significant similarities to the clauses at issue in *Chacker* and *Hart*.  Notably, the Buettners' deed of trust states in Section 7:

> If Borrower fails to perform the covenants and agreements contained in this Deed of Trust or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, *disburse such sums, including reasonable attorneys' fees*, and take such action as is necessary to protect Lender's interest . . . . . *Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust.*

(Buettner Deed of Trust at ER0173 (emphasis added).)

Krone's deed of trust similarly provides in Section 8:

> If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which has or may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property.  Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has or may attain priority over this Security Instrument; (b) appearing in court; and (c) *paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument*, including its secured position in a bankruptcy proceeding . . . . *Any amounts disbursed by Lender under this Section 8 shall become additional debt of Borrower secured by this Security Instrument if allowed under Applicable Law.*

11

(Krone Deed of Trust at ER_0039 (emphasis added).)

Much like the clauses in *Chacker* and *Hart*, the clauses here do not state that attorneys' fees "shall be awarded" to either party. Rather, the clauses provide that the fees and costs shall "become additional debt of Borrower" secured by the deeds of trust. Thus, these clauses do not provide for a separate award of attorneys' fees, and the Bankruptcy Court erred in awarding attorneys' fees under section 1717(a) based on these provisions.

Sections 17 and 18 in the Buettners' deed of trust and Sections 18 and 21 in Krone's deed of trust similarly do not support an award of attorneys' fees here. Those sections govern the lender's right to accelerate payment of the sums secured by the deed of trust and foreclose on the secured property in the event of the borrower's breach of their covenants under the deed, and provide that the lender may "collect all reasonable costs and expenses incurred in pursuing" acceleration and sale of the property, including reasonable attorneys' fees. (*See* Buettner Deed of Trust at ER0174; Krone Deed of Trust at ER_0041–43.) Those sections also provide that if the lender invokes the power of sale and the property is sold, the trustee shall apply sale proceeds first to sale expenses, "including, but not limited to, reasonable Trustee's and attorneys' fees." (*See* Buettner Deed of Trust at ER0174; Krone Deed of Trust at ER_0043.) Much like Sections 7 and 8 discussed above, these sections do not authorize an award of attorneys' fees to the prevailing party in a lawsuit. Rather, they authorize lenders to "collect" attorneys' fees in connection with a foreclosure and provide a method for collecting them, by applying the proceeds of the trustee's sale. These provisions are also inapplicable to the relief sought by Appellees in their adversary proceeding, as Appellees do not contest the payment of any sums under the deeds of trust but rather seek reconveyance of the deeds. Thus, the Bankruptcy Court erred in awarding attorneys' fees under those provisions.

Finally, while Section 10 in Buettners' note and Section 6 in Krone's note also contain attorneys' fee provisions, those sections are likewise inapplicable, as they

provide that the note holder may seek repayment of attorneys' fees spent in enforcing the note. (*See* Buettner Note at ER0165; Krone Note at ER_0028.) Appellees here seek to enforce the terms of their deeds of trust, not their notes. Thus, the Bankruptcy Court erred in awarding attorneys' fees based on those note provisions.

Appellees cite several cases in support of their argument that the Bankruptcy Court correctly awarded fees here as bankruptcy courts have previously awarded attorneys' fees under Civil Code section 1717 in similar federal lien removal cases. (*See* Am. Resp'ts' Br. at 10 (citing *Blendheim v. Note Holder (In re Blendheim),* No. 09-10283-MLB, 2016 WL 4264058 (Bankr. W.D. Wash. Aug. 11, 2016); *Luchini v. JPMorgan Chase Bank, N.A. (In re Luchini)*, 511 B.R. 664 (Bankr. E.D. Cal. 2014); *Martin v. CitiFinancial Services, Inc. (In re Martin)*, 491 B.R. 122 (Bankr. E.D. Cal. 2013).) These cases are inapposite. *Blendheim*, for its part, applied Washington State's reciprocal attorneys' fee statute and is thus largely irrelevant to this Court's consideration of California law. *See* 2016 WL 4264058, at *4–6, 13. *Martin* and *Luchini*, meanwhile, granted attorneys' fees under Civil Code section 1717 without analyzing whether application of that code section was correct, and so are unhelpful here. *See Luchini*, 511 B.R. at 679–81; *Martin*, 491 B.R. at 130. Those cases also pre-date *Chacker* and *Hart*. Thus, to the extent *Martin* and *Luchini* conflict with *Chacker* and *Hart*, this Court is required to follow the more recent decisions of the California Court of Appeals. *Spear v. Wells Fargo Bank, N.A. (In re Bartoni-Corsi Produce, Inc.)*, 130 F.3d 857, 861 (9th Cir. 1997) ("When interpreting state law, federal courts are bound by decisions of the state's highest court" unless there is no relevant decision by the state's highest court, in which case federal courts are "obligated to follow the decisions of the state's intermediate appellate courts" unless there is "convincing evidence that the state supreme court would decide differently." (quoting *Lewis v. Tel. Emps. Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996)).)

In sum, the Court holds that the Bankruptcy Court erred in awarding Appellees attorneys' fees under Civil Code section 1717 as no clause in the deeds of trust or

notes at issue here provide that attorneys' fees "shall be awarded" for the relief sought by Appellees, i.e., enforcement of their contractual right to reconveyance. Thus, the Court will overturn the Bankruptcy Court's summary judgment ruling on this point.

**II.     Whether Appellees Were the Prevailing Parties in the Bankruptcy Adversary Proceeding for the Purposes of Civil Code section 1717**

As discussed above, the Bankruptcy Court erred in granting Appellees attorneys' fees under Civil Code section 1717 because the applicable attorneys' fee provisions do not "award" attorneys' fees as required under the plain language of section 1717. Thus, the Court need not reach the question of whether Appellees were the prevailing parties for the purposes of section 1717.

## CONCLUSION

For the reasons set forth above, the Court hereby:

1. REVERSES the Bankruptcy Court's grant of summary judgment in favor of Appellees on the award of attorneys' fees under California Civil Code section 1717;
2. REMANDS this matter to the Bankruptcy Court for further proceedings consistent with this order; and
3. DIRECTS the Clerk of Court to close this case.

IT IS SO ORDERED.

Dated:  **August 27, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC4 – Buettner23cv2543.BankrAppeal